UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES FOR THE MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND and TRAINING PROGRAM FUND, ANNA GUTSIN, in her fiduciary capacity as Director, and DAVID BOLGER, as Business Manager of the MASON TENDERS DISTRICT COUNCIL OF GREATER NEW YORK, <br><br> Petitioners, <br> v. <br> DEGMOR ENVIRONMENTAL SERVICES, LLC, <br><br> Respondent. | 24 Civ. 739 (DEH) <br><br> **MEMORANDUM ORDER** |

DALE E. HO, United States District Judge:

On May 8, 2024, Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund, Anna Gutsin, in her Fiduciary Capacity as Director, and David Bolger, as Business Manager of the Mason Tenders District Council of Greater New York (collectively, the "Petitioners" or "Funds") filed a Motion to Confirm Arbitration Award, along with supporting materials. *See* ECF No. 11; Mem. of Law in Supp. of Mot. ("Mot"), ECF No. 14. For the reasons set forth below, Petitioners' motion is **GRANTED**, and the Arbitration Award is **CONFIRMED**.

## BACKGROUND

Petitioners include trustees of several funds associated with the Mason Tenders District Council of Greater New York, a New York City labor union (the "Union"). Respondent Degmor Environmental Services, LLC ("Respondent") is party to a Collective Bargaining Agreement

("CBA") with the Union. Mot. 3–4. The CBA requires Respondent to make contributions to the Funds. *Id.*

After Respondent failed to make adequate contributions to the Funds during a period of several years between January 1, 2015 and December 27, 2020, Petitioners initiated arbitration as provided for by the terms of the CBA. *Id.* at 4–5; Savci Decl. ¶¶ 14–15, ECF No. 12. After Petitioners served Respondent on January 6, 2023 with a Notice of Arbitration, the arbitrator convened a hearing on January 30, 2023. Mot. 4. Respondent failed to appear at the arbitration hearing. *Id.*

The arbitrator thereafter found that Respondent "violated the Agreement by failing to pay the fringe benefits due the [Petitioners], and the dues and [Political Action Committee ("PAC")] contributions, as required by the Agreement." Ex. 1 at 5–6, ECF 12-1. He ordered Respondent to pay a total of $578,953.51 to Petitioners. *Id.* at 6 ("Arbitration Award" or "Award"). As of the date of filing of the Motion to Confirm, Respondent has failed to pay any portion of the Arbitration Award. Mot. 5.

Petitioners now seek confirmation of the Award before this Court. Respondents have not appeared.

## LEGAL STANDARDS

"[A] district court should treat an unanswered removed petition to confirm/vacate as an unopposed motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Beijing Shougang Mining Inv. Co., Ltd. v. Mong.*, 11 F.4th 144, 160 (2d Cir. 2021); *see also Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809 (2d Cir. 2022). "The review of arbitration

awards is very limited in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Beijing Shougang Mining Inv. Co.*, 11 F.4th at 160. "Arbitration panel determinations are generally accorded great deference under the Federal Arbitration Act ['FAA']." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) (describing a district court's role as "narrowly limited").

The Second Circuit has explained that "the FAA establishes a strong presumption in favor of enforcing an arbitration award" and "an award is presumed valid unless proved otherwise." *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co., Ltd.*, 57 F.4th 372, 389 (2d Cir. 2023). Even if the Court disagrees with the arbitrator's findings on the merits, it should confirm the arbitration award so long as there is a "barely colorable justification for the outcome reached." *Id.* at 383; *see also id.* at 378–79 (stating that "an extremely deferential standard of review" is appropriate "to encourage and support the use of arbitration by consenting parties"). Conversely, an unopposed petition to confirm an arbitration award must fail "where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *D.H. Blair*, 462 F.3d at 110.

"The FAA provides a streamlined process for a party seeking a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Seneca Nation of Indians v. N.Y.*, 988 F.3d 618, 625 (2d Cir. 2021). Under this process, the Court must confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11[.]" 9 U.S.C. § 9. Section 10(a) of the FAA sets forth the narrow grounds for vacating an arbitration award. *See id.* § 10(a)(1)-(4).

## DISCUSSION

Petitioners seek confirmation of the Arbitration Award. There is "an extremely deferential standard of review . . . in the context of arbitral awards." *Smarter Tools*, 57 F.4th at 378. "The award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* at 379. The party opposing confirmation "bears the heavy burden of showing that (1) 'the law that was allegedly ignored was clear, and in fact explicitly applicable to the matter before the arbitrators,' (2) 'the law was in fact improperly applied, leading to an erroneous outcome,' and (3) 'the arbitrator . . . kn[ew] of its existence, and its applicability to the problem before him.'" *Wells Fargo Advisors LLC v. Tucker*, 373 F. Supp. 3d 418, 424 (S.D.N.Y. 2019) (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 390 (2d Cir. 2003). Vacature is a "severely limited doctrine" applicable "only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004).

Here, Respondents have not appeared, and the Court will accordingly treat the petition as an unopposed motion for summary judgment. *See D.H. Blair & Co.*, 462 F.3d at 110. Respondents were required under the terms of the CBA to contribute to Petitioner funds for all work performed by Union members in New York City. *See* Ex. 2 at 26–33, ECF No. 12-1; Ex. 3 at 51–55, ECF No. 12-1. Petitioners submitted two separate audits: one for the period between January 2, 2015 and January 1, 2017, and one for the period between January 2, 2017 and December 27, 2020. Ex. 1 at 5. The audits showed a deficiency in fund payments, unpaid Union dues and PAC contributions, and interest due. *Id.* Petitioners requested an award representing the unpaid amounts plus interest, liquidated damages, attorneys' fees, and the arbitrator's fee. *Id.* No representative for Respondent appeared at arbitration to contest its alleged failure to comply with

these provisions of the CBA. *Id.* at 4. Under these facts, there is more than a "barely colorful justification" for the Arbitrator's decision. Accordingly, the Arbitration Award of $578,953.51 is **CONFIRMED**.

Petitioners are directed to file a revised Proposed Judgment electronically, in accordance with this Opinion, using the ECF Filing Event "Proposed Judgment," by no later than fourteen days after the entry of this Order.

The Clerk of Court is directed to terminate ECF No. 11 and to close the case.

SO ORDERED.

Dated: November 20, 2024
       New York, New York

_____
DALE E. HO
United States District Judge